GULOTTA, Judge.
Defendant and his insurer, Employers Commercial Insurance Companies, appeal from a judgment awarding plaintiff $9,084.-45, arising out of an intersectional automobile accident in the City of New Orleans.
The facts are that on October 1, 1971 at approximately 1:00 p. m., plaintiff was proceeding westerly on Carrollton Avenue in the direction of the River. Upon reaching the intersection of Apricot and Carrollton, his automobile collided with defendant’s vehicle. Defendant was proceeding across Carrollton into Apricot Street in a northerly direction.
Plaintiff’s version is that he was driving on Carrollton at approximately 25-30 mph in the right lane. As he passed the intersection of Apricot, the left side of his automobile was struck by defendant’s vehicle when it proceeded into Carrollton. According to plaintiff, he did not see the defendant before the impact. He insists that his car at all times remained in the right traffic lane, and that defendant’s automobile struck his (plaintiff’s) vehicle in that lane of Carrollton Avenue.
Defendant’s version, on the other hand, is that the left side of plaintiff’s vehicle struck the front of defendant’s automobile. According to defendant, he was proceeding down Carrollton Avenue in an easterly direction and made a left turn on Apricot Street with the intention of proceeding across Carrollton on Apricot. He claims that while stopped and while waiting for traffic on Carrollton to clear, the front of his automobile was scraped by the left side of plaintiff’s vehicle which was proceeding on Carrollton around construction work in the area. Defendant contends plaintiff’s automobile came from the extreme right lane diagonally to the left lane, whereupon it scraped the front of his vehicle.
The trial judge, after review of the conflicting testimony, found the proximate cause of the accident was the negligence of the defendant in proceeding across Car-rollton Avenue and striking plaintiff’s vehicle. The record, in our opinion, supports that conclusion. The trial judge placed great reliance on the testimony of Dominick Swiber whose testimony supported plaintiff’s version. He testified that he saw the defendant’s -car make a left turn from Carrollton onto Apricot and strike the plaintiff’s vehicle in the right traffic lane of Carrollton. Ptn. Daniel Mack of the New Orleans Police Department, who investigated the accident, testified that debris from the accident was in the right lane and that plaintiff’s car was also in the right lane.
Defendant was the only witness on his own behalf.
This case, on the liability question, involves the credibility and weight to be given to the witnesses by the trial judge. *437 In such cases, factual conclusions of the judge will not be disturbed absent manifest error. In the instant case, we find no such error on liability.

Pain and Suffering

However, not only is defendant’s appeal directed at the question of liability, but also at the excessiveness of the award. Plaintiff suffered a mild cerebral concussion; contusion of the left rib cage — possible fracture of the lower left ribs; moderately severe cervical strain; and a moderately severe lumbosacral strain. Defendant argues that the award of $5,500.00 for pain and suffering is unreasonable under the circumstances. This question was admitted on medical reports alone. From these records, it is discernable that plaintiff saw Dr. Carl Rabin on October 4, 1971 and continued almost daily visits through December 10, 1971. During that time, plaintiff received ultrasonic physiotherapy treatments. At discharge, plaintiff continued to complain of headaches and neck and lower back pain.
Because of a continued pain in his back and because of complaints of weakness of the left arm, plaintiff saw Dr. H. R. Sobo-loff, an orthopedist. Dr. H. R. Soboloff’s report, dated November 21, 1972 indicated no orthopedic findings. It was his opinion that complaints of pain could have been related to a congenital defect and were not accident connected. Harrison was then referred for neurological examination. Dr. D. E. Richardson, the neurologist, also indicated no neurological findings.
 An award in the sum of $5,500.00 for pain and suffering, under the circumstances, in our opinion, is excessive. While we hesitate to disturb the amount of the award as determined by the trial judge, since he is clothed with broad discretion in the setting of quantum, nevertheless, when.the award is clearly excessive, it must be reduced. A proper award for pain and suffering in the instant case is the sum of $3,000.00. Myles v. Lee, 209 So.2d 533 (La.App. 2nd Cir. 1968); Valenti v. Courtney, 206 So.2d 579 (La.App. 1st Cir. 1968), at page 583.

Loss of Earnings

The trial judge concluded from the testimony of Mr. Edward Salvant, the assistant manager of the body shop at Garrard Chevrolet, and Mr. Andrew J. Martin, the business manager for Garrard, that plaintiff had missed 10 weeks of work at $170.83 per week.[1] Plaintiff actually sustained a loss of 13 weeks’ earnings. He was terminated on December 31, 1971 because of his inability to carry out the required functions of his job as a body repair man. It is significant that prior to the accident plaintiff had met those requirements for some two years. In addition to the ten weeks lost during the months of October, November, and December, he lost three additional weeks in January during which time he was unemployed.[2] Plaintiff is, therefore, entitled to $512.49 [3] in addition to the sum of $1,708.30 awarded by the trial court for loss of wages.
Accordingly, the judgment of the trial court is amended consistent with the foregoing. It is now ordered that judgment be rendered in favor of plaintiff, Kenneth B. Harrison and against defendant, James E. Hassinger, Jr., in the total amount of $7,096.94, consisting of $3,000.00 for pain and suffering and $1,158.37,[4] property damage to plaintiff’s automobile, $717.78 for medical expenses,[5] and towing charges and $2,220.79 for loss of wages. As amended, the judgment is affirmed.
Amended and affirmed.

. The $170.83 figure is an average of plaintiff’s income per week for the first three quarters of 1971, as testified to by Mr. Martin.

. Plaintiff became re-employed on January 21, 1972.

. Three weeks at $170.83 per week.

. This figure is derived from the $1,358.47 automobile damage estimate less $200.00 plaintiff received in salvage.

. The amount of the automobile damages, medical expenses and towing charges are not in dispute on appeal.